# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-3304 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:22-cr-05139-DGE<br>Western District of Washington |
| JOÃO RICARDO DEBORBA, | |
| Defendant-Appellant. | |

## UNITED STATES' MOTION FOR LEAVE TO FILE OVERLENGTH ANSWERING BRIEF

For the reasons set out in the attached declaration of AUSA Jonas Lerman, the United States moves under Circuit Rule 32-2(a) for leave to file an overlength answering brief of 17,582 words.

Given the nature and number of claims that defendant-appellant João Ricardo DeBorba raises in his five-issue opening brief—including three Second Amendment claims under the Supreme Court's *Bruen-Rahimi* framework—the government cannot adequately respond within the default 14,000-word limit set by Circuit Rule 32-1(a).

The United States therefore requests leave to file the overlength answering brief submitted concurrently with this motion.

January 13, 2025

        Respectfully submitted,

        TESSA M. GORMAN
        United States Attorney

        *s/Jonas Lerman*
        JONAS LERMAN
        TANIA M. CULBERTSON
        Assistant United States Attorneys
        Western District of Washington
        700 Stewart Street, Suite 5220
        Seattle, WA 98101
        (206) 553-7970

## DECLARATION OF JONAS LERMAN

1. I am an assistant U.S. attorney in the Appellate Division of the U.S. Attorney's Office for the Western District of Washington. I represent the United States in this appeal, along with my co-counsel AUSA Tania Culbertson.

2. I make this declaration in support of the United States' motion under Circuit Rule 32-2 for leave to file an overlength 17,582-word answering brief. My co-counsel and I have exercised diligence in

preparing the brief. Our appellate chief has reviewed it as well. The United States believes that an "extraordinary and compelling need" supports its overlength request. 9th Cir. R. 32-2(a).

3. This is a five-issue appeal. Defendant-appellant João Ricardo DeBorba, a Brazilian national, possessed more than 20 guns while unlawfully present in this country and while under domestic-violence restraining orders. He also possessed an unregistered silencer. And he repeatedly lied about his citizenship when buying guns and applying for a concealed-pistol license. After a bench trial on stipulated facts, the district court convicted DeBorba on all seven counts in the superseding indictment: three counts of possessing firearms and ammunition as an unlawfully present alien, 18 U.S.C. § 922(g)(5); two counts of possessing firearms and ammunition while under domestic-violence restraining orders, *id.* § 922(g)(8); one count of possessing an unregistered silencer, 26 U.S.C. §§ 5861(d); two counts of making false statements when purchasing firearms, 18 U.S.C. § 922(a)(6); and one count of falsely claiming U.S. citizenship, *id.* § 911.

4. In his 13,987-word opening brief, DeBorba appeals all seven convictions and asserts five claims. Three of his claims involve Second

3

Amendment challenges under the history-and-tradition framework established by the Supreme Court in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). DeBorba also asserts a Fifth Amendment vagueness challenge to the statutory definition of "silencer," along with a "materiality" challenge to his false-statement convictions. Below, the parties devoted hundreds of pages to litigating these issues.

5. DeBorba's three Second Amendment claims, in particular, make it impossible for the United States to adequately respond within the default 14,000-word limit set by Circuit Rule 32-1(a). When the Second Amendment applies,[1] the *Bruen-Rahimi* history-and-tradition framework requires the government to compare modern firearm laws to historical laws and show why the modern laws are "'relevantly similar' to laws that our tradition is understood to permit." *Rahimi*, 602 U.S. at 692; *see Bruen*, 597 U.S. at 17. That analysis—as the Court knows from

---

[1] As explained in the United States' answering brief, the Second Amendment does not apply to unlawfully present aliens like DeBorba, who are not part of "the people" covered by the Amendment. Nor does it apply to firearm silencers, which are not "arms" under the Second Amendment. Nevertheless, if the Court disagrees, the government has included the history-and-tradition analysis in its answering brief.

4

other recent Second Amendment cases—can require in-depth discussions and voluminous citations to varied sources. Appeals involving just one *Bruen-Rahimi* claim frequently generate long briefs. DeBorba asserts *three* such claims, plus two other, non-Second Amendment claims.

6. Given the nature and number of claims DeBorba presses on appeal, the United States cannot adequately respond to his 13,987-word opening brief within the default 14,000-word limit. And if the United States fails to exhaustively respond to each of DeBorba's arguments, he might argue on reply that the United States has conceded certain points. He will have another 7,000 words for his reply. *See* 9th Cir. R. 32-1(b).

7. The United States does not make this request lightly. Recognizing that the Court "disfavors" overlength briefs, 9th Cir. R. 32-2(a), the United States rarely requests permission to file them. I have been an AUSA since March 2015 and have filed more than 65 Ninth Circuit briefs. I can recall requesting overlength permission only once.

8. Here, the submitted answering brief is 17,582 words long. My co-counsel and I have worked diligently to make it as concise as possible while still responding to DeBorba's many arguments. We have exercised diligence in drafting, revising, and significantly condensing the

5

answering brief. (Early drafts exceeded 26,000 words.) Based on the five claims DeBorba raises and my experience working on other appeals—including recent Second Amendment appeals—I believe that an "extraordinary and compelling need" supports the United States' overlength request. 9th Cir. R. 32-2(a). My office's appellate chief, AUSA Teal Luthy Miller, concurs.

    I declare under penalty of perjury that the foregoing is true to the best of my knowledge and recollection.

    January 13, 2025

                                              *s/Jonas Lerman*
                                              JONAS LERMAN
                                              Assistant United States Attorney
                                              Western District of Washington
                                              700 Stewart Street, Suite 5220
                                              Seattle, WA 98101
                                              (206) 553-7970