IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | COA No. 24-3304 |
| ) | |
| Plaintiff-Appellee, ) | USDC No. 22-CR-5139-DGE |
| ) | Western District of Washington |
| v. ) | (Tacoma) |
| ) | |
| JOÃO RICARDO DEBORBA, ) | |
| ) | |
| Defendant-Appellant. ) | |
| ) | |

**Mr. DeBorba's Motion for Leave to File Overlength Reply Brief**

For the reasons set out in the attached declaration of Assistant Federal Public Defender Rebecca Fish, Mr. DeBorba moves under Circuit Rule 32.2(a) for leave to file an overlength Reply Brief of 8,612 words.

Mr. DeBorba seeks leave to file a Reply Brief that is approximately 1,612 words greater than the 7,000 word limit for reply briefs under Circuit Rule 32-1(b). As detailed in the attached declaration, counsel for Mr. DeBorba has acted diligently to limit the length of the reply brief, but believes the scope and nature of the issues, as well as the issues raised in the government's overlength Answering

1

Brief, create an "extraordinary and compelling need" to exceed the word limit for this Reply Brief. Circuit Rule 32-2(a).

Because Mr. DeBorba cannot adequately reply with the 7,000 word limit set by Circuit Rule 32-1(b), he requests leave to exceed this limit by 1,612 words, fewer than half the words overlength allowed for the government's Answering Brief. Mr. DeBorba did not file an overlength Opening Brief.

Mr. DeBorba requests leave to file the overlength Reply Brief submitted concurrently with this motion.

DATED this 17th day of March 2025.

Respectfully submitted,

*s/ Rebecca Fish*
Assistant Federal Public Defender
Attorney for João Ricardo DeBorba

2

## DECLARATION OF REBECCA FISH

1. I am an Assistant Federal Public Defender for the Western District of Washington. I represent João DeBorba in this appeal.

2. I make this declaration in support of Mr. DeBorba's motion under Circuit Rule 32-2 for leave to file an overlength Reply Brief. I have exercised diligence in preparing the brief, as has co-counsel. As counsel for Mr. DeBorba, I believe there is an "extraordinary and compelling need" to exceed the word limit for this reply brief. Circuit Rule 32-2(a).

3. This is a five-issue appeal. Mr. DeBorba challenges his convictions under 18 U.S.C. § 922(g)(5) (unlawful possession of firearms by certain noncitizens); 18 U.S.C. § 922(g)(8) (unlawful possession of firearms by people subject to certain domestic violence restraining orders); 18 U.S.C. § 911 (false claim to U.S. citizenship); 18 U.S.C. § 922(a)(6) (false statement in purchase of a firearm); and 26 U.S.C. §§ 5861(d) (possession of unregistered silencer). Each count of conviction has significant immigration consequences for Mr. DeBorba. Mr. DeBorba primarily argues that his convictions are unconstitutional under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and its progeny, and makes additional arguments regarding the false statement and silencer convictions. Mr. DeBorba complied with this Court's 14,000-word limit under Circuit Rule 32-1(a) in raising these issues in his opening brief.

3

4. With this Court's leave, the government filed an Answering Brief that was 17,582 words long, 3,582 words over the usual 14,000-word limit. *See* Circuit Rule 32-1(a). Mr. DeBorba did not contest or object to this, recognizing the scope of the issues involved in this case.

5. The nature of the legal test for the primary issues in this case puts the legal burden on the government. *Bruen* set forth a two-step test for Second Amendment analysis: (1) "[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." And (2) To justify its regulation, . . . the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." 597 U.S. at 17. This test places the burden on the government to show a historical tradition of firearms regulation that is sufficiently similar to the "why" and "how" of the challenged current law to survive a constitutional challenge. *Id*. at 29. The nature of this legal test requires Mr. DeBorba to guess or predict how the government may try to meet its burden in his Opening Brief, and to respond to the government's actual chosen arguments in his Reply Brief.

6. In its Answering Brief, the government proposed different historic traditions of regulation to meet its burden than the tradition that the District Court relied on below, and which Mr. DeBorba more fully addressed in his Opening Brief. The government also raised additional sub-issues—including a claim that

4

"the people" in the Second Amendment's "plain text" does not cover Mr. DeBorba, and an argument that the government's actions or legislation that relate to immigration and citizenship are not subject to constitutional review.

7. In order to fully address these arguments by the government, and the government's actual (as opposed to predicted) efforts to meet its burden, Mr. DeBorba requires more than 7,000 words in his Reply Brief.

8. As counsel for Mr. DeBorba I have acted diligently to reduce the length of the reply brief. While I am primarily a trial attorney practicing in district court, I worked with co-counsel who works primarily on appeals. Both he and I have reviewed and trimmed the brief multiple times to make arguments more concise, to remove arguments that are unnecessary or previously addressed in the Opening Brief, and to otherwise reduce the length of the Reply Brief.

9. Our Reply Brief exceeds the 7,000-word limit for reply briefs by 1,612 words. This is fewer than half the words in excess of the limit as the 3,582 words by which the government's answering brief exceeded its word limit. As such, it remains consistent with the spirit of this Court's rule that reply briefs are generally afforded half the number of words as answering briefs. *See* Circuit Rule 32-1(a), (b).

10. Due to the scope of this appeal, the nature of the legal test underlying the primary issues, and the many arguments raised by the government, I believe

Mr. DeBorba has an "extraordinary and compelling need" to exceed the usual 7,000-word limit for reply briefs.

I declare under penalty of perjury that the foregoing is true to the best of my knowledge.

March 17, 2025.

*s/ Rebecca Fish*
REBECCA FISH
Assistant Federal Public Defender
Western District of Washington
1331 Broadway, Suite 400
Tacoma, WA 98402
Phone: (253) 593-6710
Email: Becky_Fish@fd.org
